# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAFAEL A. JONES, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:13CV1409 JCH |
| | ) |
| MISSOURI BOARD OF PROBATION | ) |
| AND PAROLE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for joinder of claims, motion to reopen case, and motion for leave to proceed in forma pauperis on appeal.

On July 25, 2013, the Court dismissed this action under 28 U.S.C. § 1915(g) because plaintiff has three "strikes"[1] and there was no indication in the complaint that plaintiff was "under imminent danger of serious physical injury." The action was dismissed without prejudice to refiling as a fully-paid complaint.

Petitioner argues that this case should be reopened because he has no assets by which to pay the filing fee. He cites to 28 U.S.C. § 1914(b)(4), which states: "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil

---

[1] See Jones v. Brayer, Case No. 4:07-CV-1704 RWS (E.D. Mo.); Jones v. Brayer, Case No. 4:07-CV-1723 ERW (E.D. Mo.); Jones v. Isom, Case No. 4:08-CV-1584 TIA (E.D. Mo.).

or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

Section 1915(b)(4) applies to prisoners eligible to proceed in forma pauperis and pay an initial partial filing fee under § 1915(b)(1).  Section 1915(g) excludes certain prisoners from filing in forma pauperis.  Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because plaintiff has had at least three cases dismissed under § 1915(e)(2)(B), he is not eligible to proceed in forma pauperis and must pay the full amount of the filing fee unless he is in "imminent danger."  He makes no such allegations.  As a result, the Court will deny plaintiff's motion to reopen the case.  For this reason, plaintiff's motion for joinder is moot.

Under § 1915(g), plaintiff is not eligible to proceed in forma pauperis on appeal, and he must pay the full amount of the appellate filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for joinder [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to reopen case [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis on appeal [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this order, plaintiff shall either pay the $455 appellate filing fee in this Court or file a motion to proceed in forma pauperis with the Eighth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

Dated this <u>18th</u> day of September, 2013.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE
